UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

STEPHEN W. SELL,  )
  )
    Petitioner,  )
  )
v.  ) No. 4:11CV168 HEA
  )         (TIA)
TROY STEELE,  )
  )
    Respondent.  )

## MEMORANDUM AND ORDER

This matter is before the Court on Petitioner's Motion to Compel Discovery. The case was referred to the undersigned pursuant to 28 U.S.C. § 636(b).

Petitioner, Stephen Sell, is presently incarcerated at the Potosi Correctional Center located in Mineral Point, Missouri, pursuant to the sentence and judgment of the Circuit Court of St. Charles County, Missouri. After entering a plea of guilty, Petitioner was convicted of one count of statutory sodomy in the first degree and one count of child molestation in the first degree. The court sentenced him to serve concurrent terms of 15 years and 25 years in prison.

On January 21, 2011, Petitioner filed a Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus in federal court. Petitioner raises three grounds for habeas relief: 1) Petitioner is actually innocent of the crimes for which he was convicted; 2) Petitioner received ineffective assistance of counsel in that counsel failed to interview defense witnesses; and 3) Petitioner's guilty plea was involuntary, unknowing, and unintelligent, as counsel failed to inform Petitioner that he would not be considered for parole prior to completion of the Missouri Sexual Offender's Program and failed to notify him that the court could sentence him to the maximum punishment if the court revoked his probation.

Respondent filed his Response to Order to Show Cause on April 25, 2011, asserting that actual innocence is not a cognizable claim in habeas actions. Additionally, Respondent contends that counsel was not ineffective because Petitioner informed the state court that counsel had fully investigated the case. Finally, Respondent asserts that Petitioner's guilty plea was voluntary; that counsel was not obligated to inform Petitioner of the consequences of his plea; and that the court specifically told Petitioner that he could be sentenced to the maximum punishment if the court revoked probation.

On June 8, 2011, the Petitioner filed a Motion to Compel Discovery presently before this Court. In that motion, Petitioner requests that the Court order either Petitioner's state court defense attorney or the St. Charles County Prosecutor's Office to provided "[a]ll Police Reports as they regard Case No. 0711-CR3356, State of Missouri v. Stephen Waldemer Sell, including but not limited to the alleged victim's statements in the above case." Petitioner maintains that the documents he requests "are important and necessary in the preparation of petitioner's reply to the respondent's response to show cause."

"'A habeas petitioner, unlike the usual civil litigant in federal court, is not entitled to discovery as a matter of ordinary course.'" Newton v. Kemna, 354 F.3d 776, 783 (8th cir. 2004) (quoting Bracy v. Gramley, 520 U.S. 889, 904 (1997)). Under Rule 6(a) of the Rules Governing 28 U.S.C.§ 2254 Cases allows a court, upon a showing of good cause, to authorize a party to conduct discovery in habeas cases. However, as specified in Rule 6(b), "[a] party requesting discovery must provide reasons for the request." To determine whether a Petitioner has demonstrated good cause warranting discovery under Rule 6(a), a court must identify the "essential elements" of a petitioner's substantive claims and then evaluate whether "'specific allegations before the court show reason to believe that

2

the petitioner may, if the facts are fully developed, be able to demonstrate that he is . . . entitled to relief." Bracy v. Gramley, 520 U.S. 899, 904, 908-09 (1997) (quoting Harris v. Nelson, 394 U.S. 286, 300 (1969)).

Here, Petitioner has failed to demonstrate the relevance of discovery to the grounds raised in his Petition. Further, he has not established that he would be entitled to habeas relief if the facts were further developed. See Byrd v. Armontrout, 686 F. Supp. 743, 784-86 (E.D. Mo. 1988) (denying petitioner's request for discovery where court did not believe that "the information contained in the discovery would establish" petitioner's claims). Indeed, to the extent that Petitioner requests the information to establish his innocence, the Respondent correctly notes that claims of actual innocence do not "state a ground for federal habeas relief absent an independent constitutional violation occurring in the underlying criminal proceeding." Herrera v. Collins, 506 U.S. 390, 400 (1993); see also Edwards v. Bowersox, No. 4:07CV1783 DJS/FRB, 2010 WL 5301003, at *10 (E.D. Mo. Nov. 29, 2010) (finding that a free-standing claim of actual innocence is not cognizable in a federal habeas proceeding). "This rule is grounded in the principle that federal habeas courts sit to ensure that individuals are not imprisoned in violation of the Constitution – not to correct errors of fact." Herrera, 506 U.S. at 400. Therefore, the undersigned finds that Petitioner has failed to demonstrate good cause for conducting discovery, and his motion will be denied.

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner's Motion to Compel Discovery [Doc. #17] is **DENIED** without prejudice.

                                        /s/ Terry I. Adelman
                                  UNITED STATES MAGISTRATE JUDGE

Dated this  21st  day of  June , 2011.